NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0682n.06

No. 12-6297

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jul 24, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DAVID THOMAS COHRON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| CITY OF LOUISVILLE, KY.; LOUISVILLE | ) | UNITED STATES DISTRICT |
| METRO CORRECTIONS DEPARTMENT; | ) | COURT FOR THE |
| GARY DIXON; CHRISTOPHER HORNBACK; | ) | WESTERN DISTRICT OF |
| DAVID BASHAM; LISA ESTES; NURSE, | ) | KENTUCKY |
| | ) | |
| Defendants-Appellants. | ) | O P I N I O N |
| | ) | |

BEFORE:  KEITH and McKEAGUE, Circuit Judges; and WATSON, District Judge.*

**McKEAGUE, Circuit Judge.**  David Cohron plaintiff-appellant was arrested by Louisville Metro Police on December 21, 2005.  Cohron contends that officers assaulted him as he was being booked at the Louisville Metro Department of Corrections (the Jail).  On January 9, 2006, Cohron was released having failed to file a grievance pertaining to the events of December 21.  Less than two weeks later, Cohron was again arrested, booked, and incarcerated.  On January 31, during this stint in the Jail, he filed a formal complaint with the Professional Standards Unit concerning the alleged December 21 assault.  Investigators found Cohron's complaint to be "unfounded."  An attorney with

---

*The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

the Jefferson County Attorney's Office informed Cohron that there was insufficient evidence of misconduct for a criminal prosecution but that Cohron could file a civil action for damages.

Within a few months, Cohron began a work-release program. In late May of 2006, he failed to return from work at the designated time. His whereabouts were unknown until a little over a week later, when he was involved in a high-speed chase, which resulted in his return to incarceration. He has been incarcerated ever since.

He filed the present action in November of 2006 alleging several claims related to the alleged assault. Since 2006, this litigation has taken a winding path. But we are now presented with a dispositive question—whether, under the Prison Litigation Reform Act (PLRA), Cohron's claims are barred because he failed to exhaust his administrative remedies.

The district court found that Cohron's claims were barred. Cohron argued below that he had filed an administrative grievance on December 22, 2005. He produced a document that he had allegedly filed, and according to him, the Jail's administrators had lost.[1] The district court conducted an evidentiary hearing and determined that the document was not authentic. Based upon this finding and its conclusion that Cohron had otherwise failed to exhaust his administrative remedies, the district court granted defendants' motion for summary judgment. Cohron appealed.

We review the district court's grant of summary judgment *de novo*. But on appeal, Cohron asks us to answer a different question from that answered by the district court—whether his complaint to the Professional Standards Unit on January 31, 2006, exhausted his administrative

---

[1]This document was not produced until February 2012, after defendants' moved for summary judgment based upon Cohron's failure to exhaust. R. 118-1 at 2, Page ID # 861.

remedies.[2]  Even proceeding under this alternative theory, however, we come to the same result as

the district court.

We must answer two questions in coming to that conclusion: (1) Does the PLRA apply to

Cohron?  (2) Did Cohron properly exhaust his administrative remedies?  We consider each in turn.

**1.**

The PLRA provides that:

> No action shall be brought with respect to prison conditions under section 1983 of
> this title, or any other Federal law, by a prisoner confined in any jail, prison, or other
> correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Looking at the plain language of the PLRA, it applied to Cohron: Cohron

brought an action related to prison conditions while a prisoner confined in a jail or prison.  *Napier*

*v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011).  As a result, he was required to exhaust his

administrative remedies.

**2.**

In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Court held that a PLRA plaintiff must *properly*

exhaust his available administrative remedies.  *Id.* at 93.  In the present case, to properly exhaust

Cohron needed to file a grievance within thirty days of the problem occurring.  R. 112-3 at 8, Page

ID # 830.  He failed to do so.  Even assuming that filing a grievance with the Professional Standards

---

[2]Cohron also argues that his release deprived him of any ability to grieve his mistreatment. Cohron forfeited this argument because he never raised the argument below; in fact, he implicitly argued the opposite—how could he be deprived of his ability to file a grievance if he had filed a grievance on December 22, 2005?

No. 12-6297
*Cohron v. City of Louisville, Ky., et al.*

Unit could satisfy the exhaustion requirement, the complaint was untimely. Cohron therefore failed to *properly* exhaust his administrative remedies.

For the first time on appeal, Cohron argues that a county attorney waived the formal grievance procedures when the attorney wrote Cohron a letter stating that no criminal charges would be brought against Cohron's alleged attackers and that Cohron could file a civil action for damages. In some instances, we have excused the exhaustion requirement where we have determined that the defendants have waived the relevant procedural requirement. *See, e.g.*, *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). However, Cohron failed to raise this argument below and it is forfeited for that reason. *United States v. Abdi*, 463 F.3d 547, 563 (6th Cir. 2006). We therefore **AFFIRM**.